UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
4th DIVISION - MINNEAPOLIS

| | |
|---|---|
| COREY BAKER<br><br>          Plaintiff,<br><br>     v.<br><br>JAYCO, INC.<br><br>          Defendants. | Case No.<br><br>**COMPLAINT AND JURY DEMAND** |

## NATURE OF ACTION

1.     Plaintiff Corey Baker ("Plaintiff") brings this action against Defendant Jayco, Inc. ("Jayco") under the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq.*, and La. Civ. Code Art. 2520 *et seq*.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 2310(d) as the amount in controversy in this action exceeds fifty thousand dollars ($50,000.00).

3.     The Amount in Controversy in this matter exceeds $50,000 because the purchase price of the recreational vehicle at issue is $59,245.  Moreover, all collateral charges incurred in Plaintiff's acquisition and possession of the recreational vehicle, diminished value of the recreational vehicle, and incidental and consequential damages, including but not limited to cover, loss of use, aggravation and inconvenience, are themselves averred to exceed fifty thousand dollars.

1

4.      Supplemental jurisdiction also exists pursuant to 28 U.S.C. § 1367(a).

5.      Venue is proper before this Court, where Plaintiff resides in this district, where the recreational vehicle is kept in this district, where Jayco's attempts to repair the recreational vehicle occurred in this district, and where Jayco transacts business in this district.

## PARTIES

6.      Plaintiff is a natural person who at all relevant times resided in the state of Minnesota, County of Hennepin, and City of Plymouth.

7.      Jayco is a corporation authorized to do and doing business in the State of Minnesota and is engaged in the manufacture, assembly, integration, sale, supply and distribution of recreational vehicles and related equipment and services, such as written warranties.

8.      Jayco supplies its products under its own brand name and provides services to the public at large through a system of authorized sales and repair/service centers.

## FACTUAL ALLEGATIONS

### A.      THE TRANSACTION

9.      On or about May 2, 2016, Plaintiff purchased a 2016 Jayco Redhawk 31XL VIN 1FDXE4FS7GDC11825 (the "RV") from Dixie RV Superstores (the "dealership") in Breaux Bridge, Louisiana.

10.     The RV was purchased primarily for Plaintiff's personal use.

11.     The sales contract was presented to Plaintiff at the dealership and executed at the dealership.

12.     At all times during the transaction, the dealership personnel held themselves out to be acting on behalf of Jayco, as well as the dealership.

13.     A true and correct copy of the Purchase Agreement for the RV is attached hereto as Exhibit A.

14.     The sales price of the RV was $59,245, excluding finance charges.

15.     Plaintiff made a down payment in the amount of $11,000.

16.     The total cost of the RV to Plaintiff, including finance charges, will be over $100,000.

17.     In connection with the financing of the RV, Plaintiff executed a retail installment sales contract with the dealership, which was later assigned to Bank of America.

18.     A true and correct copy of the retail installment sales contract is attached to this complaint as Exhibit B.

## B.     IMPLIED WARRANTIES

19.     As a result of the sale of the RV by the dealership, on behalf of Jayco, an implied warranty of merchantability arose in the transaction which included the guarantee that the RV would pass without object in the trade under the contract description; and that the RV was fit for the ordinary purpose for which such an RV is purchased.

20.     Subsequent to the sale, an implied warranty arose in connection with the repairs performed by Jayco.

21.     Specifically, Jayco impliedly warranted that the repair work had been performed in a good and workmanlike manner.

## C.   EXPRESS WARRANTIES

22.   In addition to the implied warranties that arose in the transaction, certain representations and express warranties were made, including, that any malfunction in the RV occurring during a specified warranty period resulting from defects in material or workmanship would be repaired, and that repair work on the RV had, in fact, repaired the defects.

23.   Plaintiff's purchase of the RV was accompanied by the express warranties offered by Jayco and extending to Plaintiff.

24.   These warranties were part of the basis of the bargain of Plaintiff's contract for purchase of the RV.

25.   The basic warranty covered repairs or replacements during the warranty period, the lesser of two years or 24,000 miles, due to defects in factory materials or workmanship.

26.   All warranty repairs were to be made at no charge.

## D.   ACTIONABLE CONDUCT

27.   In fact, when delivered, the RV was defective in materials and workmanship, with such defects being discovered within the warranty period.

28.   Many defective conditions have occurred since purchase, including, but not limited to:

> 1) Water leaks;
> 2) Water damage to millwork and cabinetry;
> 3) Water and mold damage to the walls;
> 4) Generator defects;
> 5) Heat/air conditioning defects;

6) Shower defects;

7) Electrical defects in the bathroom; and

8) Kitchen countertop defects.

29.     Since purchase, Plaintiff has returned the RV to Jayco's authorized warranty service dealers in Minnesota and Arizona for repair on numerous occasions.

30.     Despite this prolonged period during which Jayco was given the opportunity to repair the RV, the more significant and dangerous conditions were not repaired.

31.     Jayco failed to repair the RV so as to bring it into conformity with the warranties set forth herein.

32.     The defects experience by Plaintiff with the RV substantially impaired its use, value, and safety.

33.     Despite Plaintiff's repeated efforts to allow Jayco the opportunity to repair the RV, many nonconforming and defective conditions were never repaired.

34.     From the date of its purchase, the RV continues to this day, to exhibit some or all of the non-conformities described herein.

35.     The defects experience by Plaintiff with the RV substantially impaired its use, value, and safety.

36.     Plaintiff directly notified Jayco individually, and through its authorized warranty service dealers of the defective conditions of the RV on numerous occasions.

37.     Plaintiff notified Jayco that he wanted a recission of the sale of the RV, but Jayco has failed and refused to buy back Plaintiff's defective RV.

38.     Plaintiff has met all obligations and preconditions as provided in Jayco's warranty and by statute(s).

## COUNT I
## VIOLATION OF LA. CIV. CODE ART. 2520

39.     Plaintiff repeats and re-alleges each factual allegation contained above.

40.     Plaintiff is a "buyer" under La. Civ. Code Art. 2520.

41.     Jayco is a "manufacturer" under La. Civ. Code Art. 2520.

42.     Dixie is a "seller" under La. Civ. Code Art. 2520.

43.     The RV is a "thing" under La. Civ. Code Art. 2520.

44.     The defects described in the RV meet the definition of a redhibitory defect as defined in La. Civ. Code Art. 2520.

45.     Plaintiff has provided Jayco sufficient opportunity to repair the defective RV.

46.     Plaintiff has performed each and every duty required of him under Louisiana Redhibition Law, except as may have been excused or prevented by the conduct of Jayco, as herein alleged.

47.     The hidden defects in the RV existed at the time of sale, but were not discovered until after delivery.

48.     The RV is not usable and neither Plaintiff nor a reasonable, prudent buyer would have purchased the RV had he known of the defects prior to the sale.

49.     Furthermore, Jayco failed to perform the repair work in a good and workmanlike manner which constitutes a breach of the implied warranties under Louisiana law.

50.     As a result of Jayco's conduct, Plaintiff has suffered damages that exceed $50,000.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Jayco breached its implied warranty;

b) Awarding rescission of the purchase contract and restitution of all monies expended by Plaintiff as may be allowed by law;

c) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

d) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

e) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## BREACH OF WARRANTY

51.     Plaintiff repeats and re-alleges each factual allegation contained above.

52.     Jayco breached its written warranty by failing to make the necessary repairs of the RV after being given a reasonable opportunity to do so.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Jayco breached its written warranty;

b) Awarding Plaintiff damages, pursuant to 15 U.S.C. § 2310(d);

c) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

d) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

e)  Awarding such other and further relief as the Court may deem just and

proper.

## TRIAL BY JURY

53.     Plaintiff is entitled to and hereby demands a trial by jury.

Dated: April 30, 2018                         Respectfully submitted,

/s/JD Haas
JD Haas
Bar Number 164173
JD Haas and Associates, PLLC
9801 Dupont Ave. South, Suite 430
Bloomington, MN 55431
Telephone:      (952) 345-1025
Facsimile:      (952) 854-1665
Email: jdhaas@consumerlawinfo.com

Co-counsel with Thompson Consumer Law Group, PLLC

5235 E. Southern Ave D106-618
Mesa, AZ 85206
tclg@conusmerlawinfo.com

Attorneys for Corey Baker